## Baker v. Commonwealth.

(Decided October 27, 1922.)

### Appeal from Bell Circuit Court.

Criminal Law—Venue—Submission to Jury.—Where the prosecuting witness testified that the offense, for which the defendant was on trial, was committed at a designated point near the county line, but he did not know the location of the line, and the Commonwealth proved by another witness, who knew where the

county line was located, that the place designated by the prosecuting witness was within the county, there was sufficient evidence of the commission of the offense, within the county of the prosecution, to authorize a submission of that question to the jury.

M. G. COLSON and J. M. GILBERT for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant, J. M. Baker, was convicted in the Bell circuit court of the offense of unlawfully selling intoxicating liquor to Ollie Cole. He was adjudged to pay a fine to the Commonwealth of three hundred ($300.00) dollars, and to be confined in the county jail sixty days.

Several errors are alleged to have been committed on the trial in the circuit court, but counsel for appellant merely suggest the points without citing authority or advancing any argument to sustain them. They are all without merit, and, in our judgment, only one of them is entitled to consideration in this opinion. That one is, that the trial court erred in not granting a new trial, because the offense was not committed in Bell county, but was committed, if at all, in Knox county. The testimony of a half-brother of appellant is relied on as supporting this contention. That witness testified that the prosecuting witness had stated, before the trial, that the liquor was bought in Knox county. On the trial, however, the prosecuting witness said that he bought the liquor from appellant at a point two or three hundred yards below the railroad bridge across the Cumberland river, near the mouth of Grassy creek; that he did not know the location of the line between Knox and Bell counties, but believed that the place where he bought the liquor was in Bell county. The Commonwealth then introduced Robert Vanbever, a former sheriff and county judge of Bell county, and he testified that he knew the location of the line between the two counties, and the point referred to by the prosecuting witness was in Bell county, and that the line between the counties was half a mile below the bridge referred to by the prosecuting witness. Thus it was made to appear for the Commonwealth that the offense was committed in Bell county. Certainly there was ample evidence to that effect, and under the instructions a conviction was not authorized unless the offense was committed

in that county. It is plain, therefore, that appellant's position on this point is untenable.

The other questions raised on this appeal are even less meritorious than the one we have disposed of.

The judgment is affirmed.